## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RICHARD CHARLES LOCKLEAR (#725772)**     **CIVIL ACTION**

**VERSUS**

**UNKNOWN WARDEN, ET AL.**     **22-894-JWD-SDJ**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 8, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICHARD CHARLES LOCKLEAR (#725772)          CIVIL ACTION

VERSUS

                                                                        22-894-JWD-SDJ

UNKNOWN WARDEN, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, an inmate formerly confined at the Livingston Parish Prison, filed this proceeding pursuant to 42 U.S.C. § 1983 against Officer Pennington and "other unknown defendants," complaining that his constitutional rights have been violated due to sexual harassment and excessive use of force. Plaintiff requests monetary and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.

*Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, as amended, Plaintiff alleges that in July of 2022, Defendant Officer Pennington came to his cell with another officer and asked Plaintiff to touch his penis and to perform oral sex. A few days later, other officers made Plaintiff back into a cell and then sprayed him with mace. These officers then attempted to taser Plaintiff in his face, which he blocked with his arms causing injuries to his elbows. Plaintiff was then again sprayed with mace. While Plaintiff was waiting to be treated for his injuries, he was again approached by Defendant Officer Pennington who repeated his prior requests.

**Sexual Harassment**

The sexual abuse of a prisoner by prison officials may, under some circumstances, violate the prisoner's right to be free of cruel and unusual punishment under the Eighth Amendment. *Brown v. Sloan*, 2010 WL 476720 (W.D. La. 2010), *citing Boddie v. Schnieder,* 105 F.3d 857, 860-61 (2d Cir. 1997). Sexual assault violates the Eighth Amendment only if it meets a two-part test consisting of an objective and subjective element. First, the assault must be objectively sufficiently serious. Second, the official involved must have acted with deliberate indifference, meaning a sufficiently culpable state of mind. *Id*. The Eighth Amendment is not triggered by de minimis uses of physical force, provided the use of force is not of a sort repugnant to the conscience

of mankind. *Copeland v. Nunan*, 250 F.3d 743 (5th Cir. 2001) (unpublished). "[N]ot every malevolent touching gives rise to a federal cause of action." *Id*.

Plaintiff's allegations against Defendant Officer Pennington are not sufficiently serious. Courts have rejected claims that involved sexual contact that was much more offensive than that alleged by Plaintiff. In *Copeland*, a prison pharmacist fondled an inmate's penis on three separate occasions and fondled his anus once. There was no evidence of any physical or psychological injuries from the episodes. The Fifth Circuit found that the touchings, though despicable, did not involve a harm of such federal constitutional proportions that they rose to the level of an Eighth Amendment violation. In *McGill v. Corrections Corp. of America*, 2009 WL 790363 (W.D. La. 2009) the court dismissed a claim based on allegations that a physician fondled the inmate's penis and testicles without consent. *Boddie* affirmed the dismissal of a complaint by a male prisoner who alleged that a female officer touched and pressed against him a number of times without his consent. The inmate in *Brown* alleged that an officer "sexually fondled" him during a shakedown, but he did not allege any injury. The Court noted that the allegations, if true, could potentially be the basis of a state law tort action but did not involve harm of federal constitutional proportion.

Other decisions have rejected similar claims. *See*, e.g., *Legarde v. Metz*, 2015 WL 3648628 (M.D. La. 2015) (prisoner alleged officer approached with his penis out and ordered the prisoner to perform oral sex, refusal of which was followed by verbal harassment; summary judgment granted for defendant); *Wright v. Thompson*, 2015 WL 3282955 (W.D. La. 2010) (officer asked for sex and touched inmate's penis; complaint dismissed for failure to state a claim); *Washington v. City of Shreveport*, 2006 WL 1778756, *5 (W.D. La. 2006) (allegations that, over the course of four days, defendant fondled plaintiff's breast, touched her inner thigh, grabbed her wrist, verbally asked for sex, and made other sexual remarks were insufficient); *Cooper v. Caddo Correctional*

*Center*, 2007 WL 471185 (allegations that prison officer verbally harassed inmate and grabbed his buttocks while the inmate was urinating did not state an actionable claim); *Harold v. LeBlanc*, 2014 WL 2611725 (W.D. La. 2014) (claim that prison officer grabbed inmate's buttocks through his underwear did not state an actionable claim); and *Mitchell v. Miller-Roach*, 2011 WL 5865232, *4 (N.D. Tex. 2011) (allegations of sexual gestures and staring were insufficient.)

In the instant matter, Plaintiff alleges that Defendant Officer Pennington asked, on two occasions, for Plaintiff to touch his penis and to perform oral sex. Said allegations are insufficient to state a claim under the Eighth Amendment.

**Excessive Force**

A use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986).

The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. Notwithstanding this, the Court may consider the extent of injury, if any, as potentially relevant to a determination whether an

alleged use of force was excessive under the circumstances. In addition, other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

In the instant matter, Plaintiff alleges that he was sprayed with a chemical agent twice and was also tasered. Plaintiff has not alleged any additional facts or identified any of the officers who allegedly used excessive force by name. Plaintiff should be given time to amend his Complaint to state facts tending to show that the force was applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline, and to identify the defendants who allegedly used excessive force.

## RECOMMENDATION

It is recommended that Plaintiff's claims against Defendant Officer Pennington be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1] It is further recommended that Plaintiff be given 21 days to amend his Complaint to state additional facts regarding the alleged use of excessive force and to identify the officers who allegedly used excessive force.

Signed in Baton Rouge, Louisiana, on August 8, 2023.

*[signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."